DONALDSON, Judge,
concurring in the rationale in part and concurring in the result.
I concur with the main opinion’s analysis and conclusions regarding the finality of the judgment for purposes of appellate review. I concur in the main opinion’s conclusion that § 30-3-4.1, Ala.Code 1976, the Alabama. Grandparent Visitation Act (“the GVA”), is unconstitutional for the following reason.
It is established that the GVA infringes upon the fundamental right of Athenia Clark Tanner Weldon (“the mother”) to determine the persons with whom her children associate. As observed ■ by Justice Murdock, concurring specially in Ex parte E.R.G., 73 So.3d 634, 661 (Ala.2011):
*674 “Although the United States Supreme Court’s decision in Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000), is generally referred to as a plurality decision, a majority of the Justices recognized that the State’s attempt to impose grandparent visitation over the objection of the parent in that case implicated the fundamental right of the parent.”
“Statutes that infringe upon fundamental rights ... ‘are subjected to strict scrutiny and will be sustained only if they are suitably tailored to- serve a compelling state interest.’ City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).” Blevins v. Chapman, 47 So.3d 227, 231 (Ala.2010). Although an act of the legislature is presumed to be constitutional when challenged, the analysis shifts if the challenger establishes that the act infringes upon a fundamental right. City of Cleburne, Texas v. Cleburne Living Ctr., 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985) (noting that the “general rule” of presuming the validity of legislation “gives way” when the legislation is subject to strict-scrutiny analysis). Unlike the rational-basis standard of review, our review of the constitutionality of a statute under strict-scrutiny analysis is not satisfied merely with the showing of a conceivable ground to justify the statute. See Thorn v. Jefferson Cnty., 375 So.2d 780, 790 (Ala.1979) (noting that, in a rational-basis analysis, “the burden is on the assailant to prove that there is no conceivable rational basis for the statute”). As succinctly stated by the Alabama Court of Criminal Appeals in Herring v. State, 100 So.3d 616, 620 (Ala.Crim.App.2011):
“Under the strict-scrutiny analysis, a statute that infringes upon a fundamental right is presumed to be unconstitutional, and the State bears the burden ‘to prove that the [infringement] “furthers a compelling interest and is narrowly tailored to achieve that interest.” ’ Citizens United v. Federal Election Comm’n, 558 U.S. 310, 340, 130 S.Ct. 876, 898, 175 L.Ed.2d 753 (2010) (quoting Federal Election Comm’n v. Wisconsin Right to Life, Inc., 551 U.S. 449, 464, 127 S.Ct. 2652, 168 L.Ed.2d 329 (2007)).”
Stated otherwise, once the mother established that the GVA infringed upon one of her fundamental rights, the burden shifted to the government to provide the compelling and legitimate governmental interest that would be served by the legislation.
No matter how seemingly beneficial the end result may be,'the government-cannot impair, impede, or curtail one person’s fundamental right solely for the benefit of another person’s interest. - The government can do so only when a compelling governmental, not individual, interest has been established. The GVA does not contain any legislative findings or other indications of a.compelling governmental interest for the statute. Although there are arguments in this litigation that the GVA could serve to promote the bonds between a grandparent and grandchild in certain cases, which is an unquestionably laudable purpose, neither the State nor any party seeking to uphold the GVA has identified or articulated, either in the trial court or in this court, a compelling governmental — -not personal — interest for the statute. I note that this same infirmity was apparently present in the litigation involving the prior grandparent-visitation statute: “There is no evidence in this case, however,.indicating that the State has a compelling interest in forcing interaction between the grandparents and the grandchildren over the objections of the parents.” Ex parte E.R.G., 73 So.3d at 647.
*675 The issue before us, then, is straightforward — the government has passed a law that infringes upon a person’s fundamental right. Why must the government become involved? What legitimate governmental purpose is served by doing so? All we have before us is a legislative determination that the interests of a grandparent may be placed above the fundamental right of a parent who has not been found to be unfit to determine whether her children should associate with the grandparent. No matter how popular or laudable such a result may be in some cases, and perhaps in this case, the Due Process Clause of the United States Constitution forbids the government from infringing upon fundamental rights and taking such action when it does not have a compelling governmental interest in doing so. Importantly, if there are compelling and legitimate governmental interests in enacting legislation that would force interactions between a grandparent and grandchild over the objections of a parent who has not been found to be unfit, the impartial judiciary cannot identify and articulate those reasons for the government. Those reasons must be established by the legislative branch, and the inclusion of the judicial branch in the process of infringing upon the fundamental right of the mother does not resurrect the GVA from the fatal deficiency. Any analysis of the procedures established by the GVA should focus only on whether the GVA has been narrowly tailored to meet a compelling governmental interest. Because no such interest has been shown, and because the judiciary should not be called upon to rectify the legislative deficiency, it does not matter how narrowly tailored the procedures are.
Therefore, under the facts and law before us, I am compelled to hold the GVA to be unconstitutional.